UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FAISAL RASHID,<br><br>Defendant. | No.  2:04-CR-00357-MCE<br>No.  2:07-CR-00313-MCE<br><br>**ORDER** |

In August of 2007, Defendant Faisal Rashid ("Defendant") pled guilty in Case No. 2:04-cr-00357 to: (1) Conspiracy to Import, Possess and Distribute a List I Chemical Knowing and Having Reasonable Cause to Believe it Will be Used to Make a Controlled Substance in violation of 21 U.S.C. §§ 841(c)(2), 846, and 960(d)(3); (2) Possession of a Machine Gun in violation of 18 U.S.C. § 922(o); (3) Conspiracy to Launder Money, International Money Laundering in violation of 18 U.S.C. §§ 1956(a)(2)(A) and 1956(h); and (4) Conspiracy to Smuggle Goods into the United States in violation of 18 U.S.C. §§ 371 and 545.  The following month, Defendant also pled guilty in Case Number 2:07-cr-00313 to Possession of Ephedrine, a List I Chemical, Knowing and Having Reasonable Cause to Believe the Listed Chemical Will be Used to Unlawfully Manufacture Methamphetamine, a Schedule II Controlled Substance, Aiding and Abetting, in violation of 21 U.S.C. § 841(c)(2) and 18 U.S.C. § 2.  On November 29, 2007, he was sentenced

concurrently in both cases to a total of 210 months of imprisonment.  Presently before the Court is Defendant's Motion to Reduce Sentence.  ECF No. 274.[1]  This matter was referred to the Office of the Federal Defender, which subsequently filed a notice indicating that it would not be supplementing Defendant's motion.  ECF No. 277.[2]  The Government opposed Defendant's request, and Defendant thereafter retained counsel, who filed a reply, which was followed by the Government's surreply.  ECF Nos. 286, 291, 295.  For the reasons that follow, that Motion is DENIED.

Defendant seeks to reduce his sentence in light of the United States Sentencing Commission's passage of Amendment 782.  Generally, Amendment 782 revised downward by two levels the Drug Quantity Table in U.S.S.G. § 2D1.1.  Although Amendment 782 became effective November 1, 2014, it applies retroactively.  See U.S.S.G. § 1B1.10(d), (e)(1).

"When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision."  Dillon v. United States, 560 U.S. 817, 821 (2010).  "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission."  Id.  "The relevant policy statement, USSG § 1B1.10, instructs courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guideline application decisions unaffected.'"  Id. (quoting U.S.S.G. § 1B1.10(b)(1)).  Under § 3582(c)(2), a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted "'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'"  Id. at 822.  "Except in limited circumstances, however, § 1B1.10(b)(2)(A) forecloses a court acting

---

[1] Defendant filed the Motion only on the docket for the older case, but since Defendant was sentenced in both cases simultaneously, the Court construes his request to apply to both actions.

[2] The filing submitted by the Federal Defender's Office more specifically states that it is not "recommend[ing] appointment of counsel in this case."  ECF No. 277.  However, that office had already been appointed pursuant to Eastern District General Order 546.  The filing is thus more properly construed as a decision not to add to the record.

under § 3582(c)(2) from reducing a sentence 'to a term that is less than the minimum of the amended guideline range.'"[3]  Id.  In addition, "a reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).

Defendant is not eligible for a reduction in his sentence because his offense level has not changed.  The PSR calculated Defendant's Base Offense Level at 38 because he was accountable for 452 kilograms of ephedrine.  With limited exceptions, the Court adopted all findings in that report, including the amply supported drug quantity finding, as true and correct.  Two levels were added based on Defendant's violation of 18 U.S.C. § 1956 and three levels were deducted for acceptance of responsibility, resulting in a Total Offense Level of 37.  With a Criminal History Category III, the guideline range was 262-327 months.[4]  The Court departed downward as to Defendant's criminal history category and sentenced Defendant to the low end of the guideline range that would have been applicable if Defendant was a Criminal History Category I (210-262 months).  Under the amended guidelines, however, the base offense level correlating to nine kilograms or more of ephedrine remains 38, and Defendant's ultimate guideline range is thus unchanged.

///

///

///

///

---

[3] Those limited circumstances, which are not applicable here, arise when "the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities."  U.S.S.G. § 1B1.10(b)(2)(B).

[4] The Statement of Reasons erroneously indicates that the guideline range was 324-405 months. However, that range corresponds to the Probation Officer's original recommendation of an offense level of 39. The Court declined to impose a 2-level enhancement under U.S.S.G. § 2D1.11(b)(1), and thus reached the applicable offense level of 37. With a Criminal History Category III, the guideline range was thus 262-327.

Accordingly, because the amendment did not lower Defendant's sentencing range, his Motion (ECF No. 274) is DENIED. See United States v. Leniear, 574 F.3d 668, 674 (9th Cir. 2009).

IT IS SO ORDERED.

Dated:  May 25, 2016

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE